# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

ALLEN DANIEL,

    Petitioner,                         CASE NO. 07-CV-14077

v.                                         DISTRICT JUDGE DAVID M. LAWSON
                                          MAGISTRATE JUDGE CHARLES E. BINDER

GERALD HOFBAUER,

    Respondent.
_____/

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
# ON PETITION FOR WRIT OF HABEAS CORPUS

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DISMISSED**.

## II.    REPORT

### A.    Introduction

Allen Daniel ("Petitioner"), presently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed ten federal court cases in the past two years – five habeas cases, four civil rights cases naming over 550 defendants, and one case that was titled a civil rights complaint but sought habeas relief. (*See* attached Appendix summarizing Petitioner's litigation history.) Due to the volume of documentation Petitioner routinely submits for filing in his cases, both Judges

Lawson and Ludington have in previous cases ordered the clerk's office to stop accepting Petitioner's submissions. (*See id.*)

In this case, Petitioner challenges his May 2005 jury convictions for "shooting his former girlfriend, Sheba Lazarus, in the face." *People v. Daniel*, No. 263622, 2006 WL 3824811 (Mich. Ct. App. Dec. 28, 2006). Petitioner was found guilty in Wayne County Circuit Court of one count of assault with intent to commit murder, Michigan Compiled Laws ("M.C.L.") § 750.83, and one count of possession of a firearm during the commission of a felony, M.C.L. § 750.227b. He received a sentence of 17 to 35 years on the assault with intent to murder conviction and a consecutive 2 year sentence on the felony firearms conviction.[1]

The instant petition and attached exhibits comprise 283 pages. (Dkt. 1.) Since the filing of the petition, Petitioner has filed 23 additional affidavits and/or exhibits totaling 1,370 pages, *not* including four motions that were decided by Judge Lawson prior to the Order of Reference.[2]

A response to the habeas petition was filed on April 3, 2008. (Dkt. 25.) On May 30, 2008, the case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). Accordingly, the case is ready for Report and Recommendation.

---

[1]On February 8, 2006, Petitioner was sentenced by the circuit court in Macomb County, Michigan, on convictions of second-degree home invasion, M.C.L. § 750.110a(3), larceny in a building, M.C.L. § 750.360, malicious destruction of a building, M.C.L. § 750.380(3)(a), malicious destruction of personal property, M.C.L. § 750.377a(1)(b)(i), aggravated stalking, M.C.L. § 750.411i, and malicious use of service provided by a telecommunications provider, M.C.L. § 750.540e. These convictions are not at issue in this case; nevertheless, Petitioner has filed numerous exhibits related to the Macomb County proceedings.

[2]This judicial officer is dismayed by the sheer volume of unnecessary and irrelevant documentation Petitioner has submitted to the Court, all of which must be scanned, filed and reviewed by Court personnel. In light of this Court's workload, including numerous other cases of greater merit, to say that this constitutes an inefficient use of federal resources is an understatement.

B.  **State Court Post-Conviction Proceedings**

Petitioner made the following claims in his appeal of right, where he was represented by appointed counsel:

> I. MR. DANIEL WAS DENIED HIS SIXTH AMENDMENT RIGHT TO A FAIR AND PROPERLY DRAWN JURY, AND HIS FOURTEENTH AMENDMENT RIGHTS OF EQUAL PROTECTION AND DUE PROCESS, THROUGH THE INADEQUATE REPRESENTATION OF MINORITY VENIRE MEMBERS.
>
> II. THE TRIAL COURT'S ALLOWANCE OF UNRELATED OTHER ACT EVIDENCE, PURSUANT TO 404(B), AND RELATED HEARSAY UTTERANCES, WAS AN ABUSE OF DISCRETION WHICH DENIED MR. DANIEL OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO A FAIR TRIAL.
>
> III. MR. DANIEL WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS, A FAIR TRIAL AND PROPERLY INSTRUCTED JURY, BY THE TRIAL COURT'S COMMENTS, INTERVENTION, AND ADMONISHMENTS OF COUNSEL IN THE PRESENCE OF THE JURY.

(Dkt. 25 at 6.) In December 2006, the Michigan Court of Appeals affirmed his convictions. *People v. Daniel*, No. 263622, 2006 WL 3824811 (Mich. Ct. App. Dec. 28, 2006).

Petitioner filed a *pro se* application for leave to appeal to the Michigan Supreme Court, raising seven claims. (Dkt. 25 at 6-7.) The application was denied in June 2007. *People v. Daniel*, No. 133222 (Mich. June 26, 2007). Three months later, this *pro se* Petition for Writ of Habeas Corpus was filed, asserting the following grounds for relief:

> I. Substantive due process was outrageously criminally violated by state government agents and actors acting under the color of law violating prohibited acts by the US Congress . . . (RICO), Fraud, misprison[3], treason, fraud upon court, misprison felony, USCA Cont. XIV.

---

[3]The words of the hand-written petition are difficult to decipher; it appears to read "misprison."

3

II. Ineffective assistance counsel, Bruton challenges, fraud upon the courts, a mistrial should have been granted, subject-matter jurisdiction, access to the court denied.

III. Jury, witness tampering, falsifying subject matter jurisdiction, probable case [sic], false arrest, imprisonment, knowingly providing and use perjured testimony.

IV. Entrapment, fraud upon government, violations every single right of Allen David Daniel from I - XXVI, and true frauds, see news paper articles.

(Pet., Dkt. 1 at 5, 7, 8, 10.)

**C. Discussion**

**1. Failure to Comply with Rule 2(c)**

State prisoners may seek federal habeas corpus relief on the ground that they are being held in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *Reed v. Farley*, 512 U.S. 339, 347, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994). However, as the Supreme Court has stated that "[h]abeas corpus petitions must meet heightened pleading requirements[.]" *McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). Rule 2(c) provides that an application for a federal writ of habeas corpus must "specify all the grounds for relief which are available to the petitioner . . . [and shall] state the facts supporting each ground." RULE 2(C) OF THE RULES GOVERNING § 2254 CASES, 28 U.S.C. foll. § 2254. "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

In this case, the petition is largely incomprehensible. For example, Petitioner describes his second ground for relief as follows: "Ineffective assistance counsel, Bruton challenges, fraud upon the courts, a mistrial should have been granted, subject-matter jurisdiction, access to the court

4

denied." (Pet., Dkt. 1 at 7.) In the section of the form petition where Petitioner is required to state the facts supporting this second ground for relief, he states as follows:

> The trial court records where counsel was ineffective assistance of counsel he even stated (6) times to the trial court judge, prosecuting attorney, non disclosure, obstruction justice, judicial misconduct, [illegible] and willful wantons by court officers to include fraud upon the court in plain view of the trial court judge who intentional concealed a organized crime and failed to act, and took on the role of a police officer, insurance agent, complaining witness, prosecutor which are not judicial functions duties or responsibilities, or to be racially bias or prejudice.

(Pet., Dkt. 1 at 7.) The Court is unable to discern from this disjointed series of words and phrases any intelligible legal argument that would entitle Petitioner to relief. The same holds true for Petitioner's other grounds for relief.

"Petitioner, even a *pro se* prisoner, bears the burden of presenting a habeas petition in a manner that complies with the rules and is sufficiently comprehensible to permit the Court to ascertain what claims are being asserted." *Drummer v. Luttrell*, 75 F. Supp. 2d 796 (W.D. Tenn. 1999). "A petition that is incomprehensible does not establish a right to habeas relief from the federal court." *Id*. I suggest that U.S. District Judge Arthur Tarnow's finding in one of Plaintiff's civil rights cases that "Plaintiff's kitchen-sink approach with respect to naming defendants and citing statutes does not serve to strengthen the complaint; instead, it serves only to further confuse his claims[,]" applies equally to the instant case. (*See appendix*.) Similarly, U.S. Magistrate Judge Timothy Greeley's statement in a civil rights claim filed by Petitioner in the Western District of Michigan characterizing Petitioner's "broad, conclusory statements which are not supported by sufficient facts to deserve serious consideration[,]" well describes the instant case as well. (*See appendix*.)

Accordingly, I suggest that the petition be dismissed, as it is in violation of Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

### 2. Failure to Exhaust State Court Remedies

Alternatively, I suggest that the petition be dismissed because Petitioner acknowledges in the petition that some of his habeas claims were first raised in a motion for relief from judgment that is still pending in the Third Circuit Court of Wayne County. (*See* Pet., Dkt. 1 at 6.) This is consistent with Respondent's assertion that the petition must be dismissed because Petitioner has not exhausted his state court remedies with respect to all of his habeas claims, such as his claim that perjured testimony was used against him or that his counsel was absent during a critical stage. (Dkt. 25 at 8.)

Petitioners must first exhaust their available state court remedies before seeking habeas relief by fairly presenting all of their claims to the state courts. 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005); *White v. Mitchell*, 431 F.3d 517, 525-26 (6th Cir. 2005). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). Both the factual and legal basis for the claim must have been presented to the state courts in order to be considered "fairly presented." *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *see also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (same claim under same theory must be presented to state courts).

Absent unusual or exceptional circumstances, a federal district court must dismiss habeas petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996). This generally leaves the petitioner with the option of returning to state court to exhaust

state remedies or of filing an amended petition in federal court with only the exhausted claims. *Rose*, 455 U.S. at 510. Of course, "[t]he combined effect of *Rose* and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims." *Pliler v. Ford*, 542 U.S. 225, 230, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); *see also Rhines*, 544 U.S. at 275. Nevertheless, a district court need not warn a *pro se* habeas petitioner of this possibility. "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Ford*, 542 U.S. at 231.

Although in some instances it can be appropriate to grant a stay when a mixed petition is filed, I suggest that it is not warranted here. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277.

Accordingly, because Petitioner has filed a mixed petition containing both exhausted and unexhausted claims and has not presented good cause for his failure to exhaust all claims first in state court, I suggest that the petition is also subject to dismissal on this alternative ground.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

7

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                       s/ *Charles E. Binder*
                                                     CHARLES E. BINDER
Dated: July 23, 2008                              United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on William C. Campbell, served on Allen Daniel by First-Class Mail, and served on U.S. District Judge David Lawson in the traditional manner.

Dated: July 23, 2008               By     s/Mimi D. Bartkowiak
                                                 Law Clerk to Magistrate Judge Binder

# APPENDIX

## ALLEN DAVID DANIEL

| Date | Case number (if applicable) | |
|---|---|---|
| 06-02-05 | | Daniel was sentenced by the Wayne County Circuit Court on convictions for assault with intent to commit murder, M.C.L. § 750.83, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b. |
| 02-08-06 | | Daniel was sentenced by the Macomb County Circuit Court on convictions for second-degree home invasion, M.C.L. § 750.110a(3), larceny in a building, M.C.L. § 750.360, malicious destruction of a building, M.C.L. § 750.380(3)(a), malicious destruction of personal property, M.C.L. § 750.377a(1)(b)(i), aggravated stalking, M.C.L. § 750.411i, and malicious use of service provided by a telecommunications service provider, M.C.L. § 750.540e. |
| 02-09-06 | 06-10559 | Petition for habeas corpus filed. *Dismissed 08-01-06 by Judge Lawson* for failure to pay the filing fee or respond to an order to show cause. |
| 02-17-06 | 06-10718 | Petition for habeas corpus filed. *Dismissed 06-20-06 by Judge Gadola* for failure to exhaust state court remedies because his appeal remains pending in the Michigan Court of Appeals. |
| 05-24-06 | 06-12343 | Petition for habeas corpus filed. *Dismissed 06-01-06 by Judge Lawson* as duplicative of 06-10718. (Daniel kept filing documents; on 6-29-06, Judge Lawson ordered the clerk's office to not accept any more filings in the case.) |
| 10-05-06 | 06-14387 | Civil rights complaint filed against 83 defendants. *Dismissed 12-22-06 by Judge Ludington* for failure to pay filing fee or submit IFP application. (Judge Ludington subsequently ordered clerk's office to stop filing documents – 2 boxes, each in excess of 25 lbs., were returned to Daniel.) |
| 12-28-06 | 263622 | Michigan Court of Appeals affirmed Daniel's assault with intent to commit murder and felony firearm convictions. |

| | | |
|---|---|---|
| 06-26-07 | 133222 | Michigan Supreme Court denied leave to appeal the December 28, 2006, appeals court opinion. |
| **09-26-07** | **07-14077** | **Petition for habeas corpus filed (*this case).** |
| 03-03-08 | 08-10863 | Habeas relief sought via a "civil rights" complaint naming 16 Ds.<br>*Dismissed 06-16-08 by Judge Roberts*, stating:<br>"Since it appears from a review of Plaintiff's complaint, which is virtually unintelligible, that he is asking this Court to reverse his criminal conviction, his complaint would stand in habeas corpus, and not under the civil rights statute." |
| 03-10-08 | 08-10999 | Filed civil rights complaint against 290 defendants, alleging that they conspired to wrongfully convict him.<br>*Dismissed 4-11-08 by Judge Tarnow*, stating:<br>"A judgment in favor of Plaintiff would imply the invalidity of his convictions." Also stated that "[t]he substance of the pleading is confused and rambling. Plaintiff's kitchen-sink approach with respect to naming defendants and citing statutes does not serve to strengthen the complaint; instead, it serves only to further confuse his claims." |
| 03-10-08 | 08-11000 | Filed civil rights complaint against 160 defendants.<br>*Dismissed 4-10-08 by Judge Steeh*, stating:<br>"Plaintiff has not shown what each of the dozens of defendants named in the complaint did to deprive him of a federal constitutional right, privilege, or immunity. The facts as alleged in the complaint and in the hundreds of pages of exhibits that Plaintiff has filed are not enough to establish a right to relief above the speculative level." |
| 04-24-08 | 272073 | Michigan Court of Appeals affirmed convictions of home invasion, larceny, malicious destruction of a building, malicious destruction of property, aggravated stalking, and malicious use of a telecommunications service. |
| 05-16-08 | 08-00118 | Filed civil rights complaint in W.D. Mich. against 18 defendants.<br>*Report & Recommendation filed 6-18-08 by Magistrate Judge Greeley*, recommending dismissal for failure to state a claim because the claims against the governor, the director of the MDOC, and the state attorney general failed to allege personal involvement and the remaining claims were "broad, conclusory statements which are not supported by sufficient facts to deserve serious consideration." |
| 05-19-08 | 08-12188 | Petition for habeas corpus filed challenging convictions for home invasion, larceny, malicious destruction of a building, etc.<br>*Dismissed 5-30-08 by Judge Ludington*, because Petitioner has not exhausted his state court remedies by raising his claims in an appeal to the Michigan Supreme Court. |